

FILED

JUN - 1 2012

CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**VALENTYNA GUDYM**
### Plaintiff,                                                    .

Civil Action No. 4:12-CV-85

**LAW OFFICES OF SHAPIRO, BROWN & ALT, LLP**
**f/k/a LAW OFFICES OF SHAPIRO & BURSON, LLP,**

**and**

**PROFESSIONAL FORECLOSURE COPORATION**
**OF VIRGINIA**
### Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

This is an action seeking damages arising from Defendants' unlawful attempts to collect a delinquent home mortgage debt alleged owed by Ms. Gudym and to foreclose on the subject Deed of Trust.  Ms. Gudym alleges that Defendants, a debt collection law firm, its collection-purposed Trustee, 1) initiated foreclosure activities when they had no present right to possession of the property, 2) knowingly made a series of false statements and representations in connection with the collection of the debt and of the attempted foreclosure on his home, and 3) failed to identify the name of the creditor to whom the debt was owed, all in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq.

## JURISDICTION

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### Defendant States the Note is Lost, Misplaced or Destroyed

36.     In the same correspondence to Ms. Gudym dated, September 23, 2010, Defendants stated that BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP is the referenced deed of trust beneficiary of Ms. Gudym's mortgage loan. This is a false statement.

37.     BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP was never the beneficiary under Ms. Gudym's mortgage loan.

38.     BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP never had the authority to enforce the note.

39.     The September 23, 2010 correspondence included the following statement:

> Unless the box located immediately below is checked, the following paragraph applies: ☐
>
> On behalf of the referenced deed of trust beneficiary, you are hereby notified that the promissory note or other evidence of indebtedness secured by the deed of trust on the  subject property is unavailable at this time.

40.     Upon information and belief, the original note evidencing Ms. Gudym's indebtedness was not unavailable as it had not been lost, misplaced or destroyed, making Defendants' representation false.

41.     With respect to the "evidence of the indebtedness" referenced above, Va. Code § 55-59.1 provides in pertinent part the following:

> § 55-59.1. Notices required before sale by trustee to owners, lienors, etc.; if note lost.
> ...
> B. If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. The notice shall be sent by certified mail, return receipt requested, to the last known address of the person required to pay the instrument as reflected in the records of·the beneficiary and shall include the name and mailing address of the trustee.

42.     Upon information and belief, the beneficiary of the note had not submitted to the trustee an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any reason could not have been produced.

43.     That is, BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP 2, had not submitted to Defendants an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any reason could not have been produced.

44.     Defendants September 23, 2010 letter further advised Ms. Gudym that Defendant was a communication from a debt collector.

### *Defendants Attempt to Foreclose on Ms. Gudym's Home*

45.     Defendants forwarded correspondence dated June 2, 2011 to Ms. Gudym indicating that they had been retained to initiate foreclosure proceedings. A copy of this correspondence is attached hereto as EXHIBIT B.

46.     The June 2, 2011 correspondence falsely stated that Ms. Gudym owed $369,282.63.

47.     The June 2, 2011 correspondence stated falsely that the Holder and creditor to whom the debt was owed was BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP.

48.     BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP is not the creditor to whom the debt is owed.

49.     BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP was not the creditor to whom the debt was owed on June 2, 2011.

50.     BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP has never been the creditor to whom the debt was owed.

51.     Defendants forwarded correspondence dated June 29, 2011 notify her that a foreclosure sale is scheduled for his property for July 26, 2011.

---

2 Ms. Gudym does not concede that the actual beneficiary was BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP.

52.     This correspondence included a Substitution of Trustees Deed dated May 16, 2011.

53.     The Appointment Substitution of Trustees Deed stated that BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP, through its attorney-in-fact is the Noteholder. The attorney-in-fact who signed the Appointment Substitution of Trustees Deed is an employee of the Defendants. A copy of the Appointment of Substitute Trustees Deed is attached hereto as EXHIBIT C.

54.     Further, upon request by Ms. Gudym, through counsel, the Defendant provided Ms. Gudym with a copy of the Note.

### *Defendants Continue to Make False Statements*

55.     Mr. Gudym, through counsel, responded to the Defendants in correspondence dated July 15, 2011, disputing the debt, advising the Defendants that she has a loan modification and requesting the lost note affidavit pursuant to Va. Code. 55-59.1(B).

56.     Defendants acknowledged the July 15, 2011 letter "on behalf of their client, BAC HOME LOANS SERVICING, LP (USA). A copy of this correspondence is attached hereto as EXHIBIT D.

57.     In correspondence dated August 1, 2011, Defendants sent reinstatement figures to Ms. Gudym, through counsel, that stated: "We represent Bank of America, N.A." The correspondence goes on to demand payment of amounts that were not due pursuant to Ms. Gudym's loan modification. A copy of this correspondence is attached hereto as EXHIBIT E. In correspondence dated August 3, 2011, Defendants purported to respond to Ms. Gudym's request for verification of the debt which a copy of the Note. A copy of the August 3, 2011 letter is attached hereto as EXHIBIT E.

58.     The correspondence goes on to state that:
The original creditor was COUNTRYWIDE BANK, N.A. The current creditor is BAC    HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP. The address of the current creditor is Bank of America, N.A.                      .

The correspondence states: "THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

59.   These correspondences in addition to the Substitution of Trustees Deed demonstrates that one or more of the Defendants' statements are false.

60.   Defendants falsely state the identity of the creditor on more than one occasion. Defendants falsely state the amount of the debt.

61.   The note was never lost, misplaced or destroyed as the Defendants indicated in their September 23, 2010 correspondence.

62.   Defendants knew or should have known that this and each of the foregoing misrepresentations that they made were false.

63.   As a result of the acts and omissions of the Defendants, Ms. Gudym has suffered actual damages and injury, including but not limited to, emotional distress, mental anguish and suffering, loss of peace of mind.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692e

64.   Paragraphs 1 through 63 of the Complaint are incorporated by reference.

65.   By falsely stating in the June 2, 2011 and August 1, 2011 correspondences the letter the amount of the debt, Defendants violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

66.   As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692e

67.   Paragraphs 1 through 66 of the Complaint are incorporated by reference.

68.   By falsely stating in the June 2, 2011, June 29, 2011, July 15, 2011, August 1, 2011 and August 3, 2011, that BAC Home Loans Servicing, LP fka Countrywide Home Loans, LP and/or Bank of America N.A. was the beneficiary under the subject deed of trust, the Noteholder, Holder or creditor Defendant violated 15 U.S.C. § 1692e, e(2)(A), and/or e(10).

69.   As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count III: Violations of the FDCPA, 15 U.S.C. § 1692f

70.   Paragraphs 1 through 69 of the Complaint are incorporated by reference.

9

Respectfully submitted,

Valentyna Gudym,


_____

By Counsel: Susan M. Rotkis, VSB # 40693
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660
(757) 930-3662 Facsimile
lenbennett@clalegal.com
srotkis@clalegal.com

Kristi C. Kelly, Esq., VSB #72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com
ssurovell@siplfirm.com

Dale W. Pittman, VSB#15673
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile
matt@clalegal.com

*Counsel for Plaintiff*

11