# EXHIBIT 1

Copy

| RECORDING REQUESTED BY:<br>BAC Home Loans Servicing, LP<br>Attn: Home Retention Division<br>7105 Corporate Drive<br>(PTX-B-36)<br>Plano, TX 75024 | |
|---|---|

Doc ID #: 000140578086 MOD

----------------------------------------SPACE ABOVE THIS LINE FOR RECORDER'S USE----------------------------------------

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 11th day of December, 2009, between VALENTYNA GUDYM (the "Borrower(s)") and BAC Home Loans Servicing, LP (the "Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 19th day of July, 2006 in the amount of 292,500.00 , and (2) the Note bearing the same date as, and secured by, the Security Instrument, and (3) any prior agreements or modifications in effect relative to the Note and Security Instrument which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 13615 Kristin Pl, Herndon, VA 20171.

The real property described being set forth as follows:

"SAME AS IN SAID SECURITY INSTRUMENT"

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. As of the 1st day of January, 2010, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $341,657.03, consisting of the amount(s) loaned to the Borrower by the Lender which may include, but are not limited to, any past due principal payments, unpaid interest, fees and/or costs capitalized to date. I understand that by agreeing to add the unpaid amounts to the outstanding principal balance, the added amounts accrue interest based on the interest rate provided below. I also understand that this means interest will now accrue on the unpaid interest that is added to the unpaid principal balance, which would not happen without this modification.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender. Interest will be charged on the Unpaid Principal Balance for the first 5 years of the modified term at the yearly rate of 2.000% from the 1st day of January, 2010. The Borrower promises to make monthly payments of principal and interest of U.S. $569.43 beginning on the 1st day of February, 2010.

   Beginning on the first day of the 6th year, interest will be charged at the yearly rate of 3.000% from the 1st day of January, 2015. The Borrower promises to make monthly payments of principal and interest of U.S. $726.11 beginning on 1st day of February, 2015.

   Beginning on the first day of the 7th year, interest will be charged at the yearly rate of 4.000% from the 1st day of January, 2016. The Borrower promises to make monthly payments of principal and interest of U.S. $935.76 beginning on the 1st day of February, 2016.

   Beginning on the first day of the 8th year, interest will be charged at the yearly rate of 5.000% from the 1st day of January, 2017. The Borrower promises to make monthly payments of principal and interest of U.S. $1,132.33 beginning on the 1st day of February, 2017, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on the 1st day of August, 2036 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:


(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. The Borrower will make such payments at Payment Processing PO Box 650070 Dallas, TX 75265 or at such other place as the Lender may require.

6. Nothing in this agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all terms and provisions thereof, as amended by this Agreement.

7. In consideration of this Modification, Borrower agrees that if any document related to the Security Instrument, Note and/or Modification is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, Borrower(s) will comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary. If the original promissory note is replaced the Lender hereby indemnifies the Borrower(s) against any loss associated with a demand on the original note. All documents Lender requests of Borrower(s) shall be referred to as "Documents." Borrower agrees to deliver the Documents within ten (10) days after receipt by Borrower(s) of a written request for such replacement.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_____ Dated: 12/29/09
VALENTYNA GUDYM

STATE OF VA
COUNTY OF Loudoun
On 12/29/09 before me, Nadia Zazai , Notary Public, personally appeared

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures (s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature

NADIA ZAZAI
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MAY 31, 2010
REGISTRATION # 7036257

DO NOT WRITE BELOW THIS LINE.
************************************************************************************