# EXHIBIT 1-A

```
RECORDING REQUESTED BY:
BAC Home Loans Servicing, LP
Attn Home Retention Division: SV-HRD S-L
400 Countrywide Way
Simi Valley, CA 93065
```

Loan #: ▮▮▮▮8086

-----------------------------------------------SPACE ABOVE THIS LINE FOR RECORDER'S USE-----------------------------------------

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 11th day of January 2010, between VALENTYNA  GUDYM, and BAC Home Loans Servicing, LP (Lender), amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the Security Instrument), dated the 19th day of July 2006 and recorded on the 19th day of July 2006 in Book No. 18636, Page No. 0500 as Document No. 2006023703.009 in the Official Records of Fairfax County, in the State of VIRGINIA , and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as in the 'Property', located at 13615 Kristin Pl, Herndon, VA  20171.

The real property described being set forth as follows:

Exhibit A

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of the 1st day of March 2010, the amount payable under the Note or Security Instrument (the "Unpaid Principal Balance") is U.S. $343,886.33, consisting of the amount(s) loaned to the Borrower by Lender, which may include, but are not limited to, any past due principal payments, interest, fees and/or costs capitalized to date. All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender.  Interest will be charged on the Unpaid Principal Balance at the yearly rate of 2.000% from the 1st day of February 2010 . See below table for additional interest rate and payment effective dates per the modified loan terms.  The Borrower promises to make monthly payments according to this schedule beginning on the 1st day of March 2010. If on the 1st day of August 2036 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Maturity Date.

   **The payment schedule for this modified Loan is as follows:**

| Years | Interest Rate | Interest Rate Change Date | Type of Payment | Monthly Payment | Payment Begins on | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------|-----------------|-------------------|-----------------------------|
| 1-5 | 2.000% | 2/1/2010 | Principal and Interest | $1,394.05 | 3/1/2010 | 60 |
| 6 | 3.000% | 2/1/2015 | Principal and Interest | $1,537.80 | 3/1/2015 | 12 |
| 7 | 4.000% | 2/1/2016 | Principal and Interest | $1,683.50 | 3/1/2016 | 12 |
| 8 | 5.000% | 2/1/2017 | Principal and Interest | $1,830.20 | 3/1/2017 | 234 |

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   (b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. The Borrower will make such payments at 400 Countrywide Way, Simi Valley, CA 93065 or at such other place as the Lender may require.

6. Nothing in this agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all terms and provisions thereof, as amended by this Agreement.

7. In consideration of this Modification, Borrower agrees that if any document related to the Security Instrument, Note and/or Modification is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, Borrower(s) will comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary. If the original promissory note is replaced the Lender hereby indemnifies the Borrower(s) against any loss associated with a demand on the original note. All documents Lender requests of Borrower(s) shall be referred to as Documents. Borrower agrees to deliver the Documents within ten (10) days after receipt by Borrower(s) of a written request for such replacement.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_____     Date _____

VALENTYNA GUDYM

_____     Date _____


STATE OF _____
County OF _____
On _____ Before me, _____ Notary Public, personally appeared

_____
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures (s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.     Signature _____

**Do Not Write Below This Line.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS SECTION IS FOR INTERNAL BANK OF AMERICA HOME LOANS SERVICING, LP USE ONLY**

By: _____                    Dated: _____

_____                    _____

STATE OF   _____

County OF   _____

On   _____ Before me,   _____ Notary Public, personally appeared

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signatures (s) on the instrument the person(s), or entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.
Signature

| RECORDING REQUESTED BY: BAC Home Loans Servicing, LP Attn Home Retention Division: CA6-919-01-43 400 Countrywide Way Simi Valley, CA 93065 | |
|---|---|

Loan #: ████8086

------------------------------------------------FOR INTERNAL USE ONLY--------------------------------------------------

# MODIFICATION BANKRUPTCY DISCLOSURE RIDER

THIS MODIFICATION BANKRUPTCY DISCLOSURE RIDER, effective the 11th day of January 2010, is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by VALENTYNA GUDYM, and BAC Home Loans Servicing, LP (Lender), covering the Property described in the Loan Modification Agreement Located at 13615 Kristin Pl, Herndon, VA 20171.

Borrower understands and acknowledges that if Borrower breaches any of the terms and conditions of the Loan Modification Agreement, including but not limited to timely making the payments described in the Loan Modification Agreement, that Lender has the right to foreclose the Property in accordance with the terms and conditions of the underlying Security Instruments.

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

1. Borrower was discharged in a Chapter 7 bankruptcy proceeding after the execution of the Note and Security Instruments;
2. Borrower has or reasonably expects to have the ability to make the payments specified in the Loan Modification Agreement; and
3. The Loan Modification Agreement was entered into consensually and it does not affect the discharge of Borrower's personal liability on the Note;

Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement or this Modification Bankruptcy Disclosure Rider, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

**VALENTYNA GUDYM**                                      Dated

*************************************************************************************************************************

BAC Home Loans Servicing, LP

_____ Dated _____