# EXHIBIT 6

# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on* Friday *the* 16th *day of* December, 2011.

Maria R. Jimenez,                                               Appellant,

against        Record No. 101956
                Circuit Court No. CL2010-04193

Citibank, N.A.,
as Trustee, etc., et al.,                                Appellees.

                                     Upon an appeal from a
                                  judgment rendered by the Circuit
                                  Court of Fairfax County.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the circuit court.

Maria Jimenez filed a complaint in the circuit court against Citibank and Equity Trustees, LLC ("Equity"). Jimenez alleged that on January 31, 2007 she entered into a mortgage loan transaction to finance the acquisition of real property located at 5717 Old Clifton Road in Clifton, Virginia. She executed a promissory note in the amount of $1,735,500, secured by a deed of trust recorded in the land records of Fairfax County. Southstar Funding, LLC was named as the lender in the promissory note and the beneficiary of the deed of trust.[1]

---

[1] Neither the note nor the deed of trust was attached to the complaint.

Jimenez further alleged that beginning in December 2008, and continuing until the time of the filing of her complaint below, she received demands for payments and threats of foreclosure from Equity, which stated that the debt was in default, the loan had been accelerated, and the lender had requested that Equity foreclose on the property. In a letter dated March 10, 2010, Equity advised Jimenez that the house was scheduled for foreclosure on March 9, 2010. The letter included a copy of a "Deed of Substitute Trustee" executed by EMC Mortgage Corporation as servicing agent on behalf of Citibank. Upon request, Equity provided Jimenez with a copy of the note and an allonge dated the same day as the note and endorsed in blank by Lynn B. Leonard of Southstar Funding, LLC.

Finally, Jimenez alleged that Equity could not foreclose on the property because Citibank, which was not named in the note or deed of trust, lacked any authority as beneficiary under the deed of trust and note, "and no evidence exists in the land records evidencing its interest." She disputed that any debt was owed to Citibank.

Based on the foregoing allegations, Jimenez prayed for relief as follows: (1) declaratory relief that, inter alia, Citibank has no authority or interest under the deed of trust to enforce the terms thereof; (2) breach of fiduciary duty by Equity for effecting a foreclosure on behalf of a party with no authority; and (3) a quiet title action requesting that the circuit court enter an order

2

directing the clerk to strike the deed of substitute trustee from the land records.

Citibank and Equity filed demurrers. In support of the demurrers, the defendants argued that each count in the complaint relied on the erroneous legal conclusion that Citibank did not have the authority to foreclose on the property or appoint Equity as substitute trustee. The defendants argued that Jimenez failed to allege any facts to support that legal conclusion. The only facts supporting her claims were (1) that she took out a loan with one lender and (2) that she received notices of foreclosure on behalf of another lender. However, the loan documents expressly provided that the beneficial interest in the note and/or deed of trust could be assigned without notice to Jimenez and, as a matter of law, a negotiable note endorsed in blank is freely assignable.

The circuit court sustained the demurrers. It observed that Jimenez did not allege in her complaint that she was current on her obligations under the note and deed of trust or that parties other than Citibank and Equity were seeking to foreclose on the property. The court found that the complaint did not allege sufficient facts to support its claims for relief and that it did not state claims upon which relief could be granted. The circuit court dismissed the complaint with prejudice. Jimenez appealed to this court.

On appeal, Jimenez assigns error to the circuit court's sustaining of the demurrers as to count 1 (declaratory judgment

against Citibank) and count 3 (quiet title) of her complaint.[2] In response, Citibank and Equity argue, inter alia, that on count 1 Jimenez failed to plead an actual controversy between herself and the defendants and on count 3 failed to plead superior title free of the interest of Citibank.

In construing Virginia's declaratory judgment statute, Code § 8.01-184, this Court has held: "A declaratory judgment action, which is preventive relief, may only be obtained when an actual controversy exists. Courts may only issue declaratory judgments in cases of actual controversy when there is antagonistic assertion and denial of right." Bell v. Saunders, 278 Va. 49, 54, 677 S.E.2d 39, 41 (2009) (internal citations and quotation marks omitted). "In order to have a justiciable interest in a proceeding, the plaintiff must demonstrate an actual controversy between the plaintiff and the defendant, such that his rights will be affected by the outcome of the case." Id. at 55, 677 S.E.2d at 42 (quoting

---

[2] Jimenez also assigns error to the circuit court's reliance "upon the purported allonge which was ineffective to establish authority to enforce the note and deed of trust." However, Jimenez has failed to identify any fact in the record to support her conclusion that the circuit court actually relied on the allonge, which was not attached to or otherwise incorporated in her complaint. Jimenez did not file a transcript of the July 16, 2010 hearing on the demurrers, and the statement of facts does not reflect any such reliance on the allonge by the circuit court.

Because Jimenez has failed to provide an adequate record for this Court to review the circuit court's analysis regarding the allonge, the Court will refuse to consider the assignment of error. Rule 5:11(a); Prince Seating Corp. v. Rabideau, 275 Va. 468, 470-71, 659 S.E.2d 305, 307 (2008) (failure to provide adequate record of the basis of the circuit court's ruling precludes appellate review of that ruling).

W.S. Carnes, Inc. v. Chesterfield County, 252 Va. 377, 383, 478 S.E.2d 295, 299 (1996)) (internal quotation marks omitted).

In this case, Jimenez alleged that the party instituting the foreclosure proceedings possessed the promissory note and did not allege that the note was not a freely transferable negotiable instrument. She did not allege that she was current in her payments or that foreclosure was not a proper remedy against her under the terms of the note or deed of trust. Rather, she disputed that Citibank had the authority to act pursuant to the note and deed of trust because Citibank and Equity did not demonstrate--and the land records did not reflect--how Citibank came to possess the note.

However, Jimenez has produced no authority for the proposition that Citibank, as the undisputed holder of the note, must demonstrate the chain of possession to her satisfaction. For nearly two hundred years, the law in Virginia has been to the contrary. See Whitworth v. Adams, 26 Va. 333 (1827) ("having been endorsed in blank, every bearer or holder . . . has a right to sell [the instrument], and to transfer it, by delivery"); see also Code § 8.3A-201(b) ("If an instrument is payable to bearer, it may be negotiated by transfer of possession alone."); Code § 8.3A-205(b) ("When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed.").

Further, Virginia law provides that "recordation of the instrument of assignment or a certificate of transfer is [not] necessary in order to transfer to an assignee the benefit of the

5

security provided by the deed of trust, mortgage or vendor's lien." Code § 55-66.01. Likewise, Virginia's statutory scheme for extrajudicial foreclosure does not afford her a right to the information she seeks. See Code § 55-59.1 et seq.

Finally, Jimenez asserts that Citibank was not the proper party to foreclose because Citibank was not the "Lender" with the power to foreclose under the deed of trust.[3] She failed, however, to attach the deed of trust or note to her complaint, and the circuit court had not yet ruled on the motion craving oyer when it sustained the demurrers. Consequently, the deed of trust was not part of the pleadings to be reviewed by the circuit court on demurrer. See Riverside Healthcare Ass'n v. Forbes, 281 Va. 522, 534, 709 S.E.2d 156, 163 (2011) ("circuit court erred in considering the Trustee's accounting because it was neither an exhibit accompanying the pleading nor a document produced in response to a motion craving oyer"). The Court therefore will not consider Jimenez's arguments relating to the language of the deed of trust.

---

[3] Jimenez concedes that "an assignment of the Note . . . would result in the contemporaneous assignment of the Deed of Trust." See, e.g., Williams v. Gifford, 139 Va. 779, 784, 124 S.E. 403, 404 (1924) ("in Virginia, as to common law securities, the law is that both deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it") (emphasis omitted); Va. Housing Dev. Auth. v. Fox Run Ltd., 255 Va. 356, 364, 497 S.E.2d 747, 752 (1988) (notes and deeds of trust, while separate and distinct documents, when executed together will be construed "together as forming one contract.").

In conclusion, Jimenez has failed to show that the rights she asserts actually exist and thus lacks a requisite "antagonistic assertion and denial of right" to maintain a declaratory judgment action. Bell, 278 Va. at 54, 677 S.E.2d at 41. Jimenez therefore has not presented an actual controversy for the purposes of Virginia's declaratory judgment statute. The circuit court did not err in sustaining the demurrer to her claim for declaratory judgment against Citibank.

Jimenez's claim for quiet title is also without merit, as she had failed to plead that she holds title to the property free of the interest of Citibank, the holder of the note endorsed in blank. Maine v. Adams, 277 Va. 230, 238, 672 S.E.2d 862, 866 (2009) ("an action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title."). The circuit court did not err in sustaining the demurrer to Jimenez's claim for quiet title.

Accordingly, the judgment of the circuit court is affirmed. Appellant shall pay to the appellees two hundred and fifty dollars damages.

This order shall be certified to the said circuit court.

A Copy,

Teste:

*[signature]*

Clerk