# EXHIBIT 7

# Law Offices of Shapiro & Burson, LLP

August 3, 2011

SUROVELL, ISAACS, PETERSEN & LEVY PLC
KRISTI C. KELLY
4010 UNIVERSITY DRIVE, 2ND FLOOR
Fairfax, VA 22030

**Certified Article Number**
7160 3901 9849 1887 0300
**SENDERS RECORD**

GUDYM, VALENTYNA
13615 KRISTIN PLACE, Herndon, VA 20171

RE:   GUDYM, VALENTYNA
      13615 KRISTIN PLACE, Herndon, VA 20171
      10-198459D

Dear Kristi C. Kelly:

We have received from you correspondence dated July 15, 2011. In response, we have contacted the mortgage lender and in accordance with the Fair Debt Collection Practices Act have verified your debt. Please be advised Original Note is in our office if you would like to set up an appointment to review. I am enclosing the following:

COPY OF PROMISSORY NOTE
REINSTATEMENT FIGURES
PAYMENT HISTORY

This response constitutes verification as required by the FDCPA.

The original creditor was COUNTRYWIDE BANK, N.A. The current creditor is BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP. The address of the current creditor is Bank of America, N.A., 400 Countrywide Way, Simi Valley, California 93065-6298. Phone number (805) 520-5100.

Sincerely,

SHAPIRO & BURSON, LLP

*Shirley Ortiz*
Shirley Ortiz

cc:   Bank of America, N.A.

---

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.
NO DEBT COLLECTION ATTEMPT WILL BE MADE IN VIOLATION OF THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362(a), OR OF ANY BANKRUPTCY DISCHARGE OR BANKRUPTCY COURT ORDER

13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033   E-mail  FIGURES.VA@LOGS.COM
(703) 449-5800   Facsimile (703) 449-5850

Prepared by: ANGIE MEYER

LOAN #: ████8086

# INTEREST ONLY ADJUSTABLE RATE NOTE
(One-Year LIBOR Index (As Published In *The Wall Street Journal*)
Rate Caps – 10 Year Interest Only Period)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE AND FOR CHANGES IN MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

JULY 19, 2006        VIENNA        VIRGINIA
[Date]               [City]         [State]

13615 Kristin Pl, Herndon, VA 20171-3720
[Property Address]

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 292,500.00    (this amount is called "Principal"), plus interest, to the order of Lender. Lender is
Countrywide Bank, N.A.
I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 8.250 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS
(A) Time and Place of Payments
I will make a payment on the first day of every month, beginning on SEPTEMBER 01, 2006 . Before the First Principal and Interest Payment Due Date as described in Section 4 of this Note, my payment will consist only of the interest due on the unpaid principal balance of this Note. Thereafter, I will pay principal and interest by making a payment every month as provided below.

I will make my monthly payments of principal and interest beginning on the First Principal and Interest Payment Due Date as described in Section 4 of this Note. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal. If, on AUGUST 01, 2036 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

● VIRGINIA ARM One Year LIBOR 10 Year Interest Only Period Note
1E455-VA (10/05)(d)        Page 1 of 5





LOAN #: ██████8086

I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

   **(B) Amount of My Initial Monthly Payments**

   Each of my initial monthly payments will be in the amount of U.S. $ 2,010.94 until the first Change Date. After the first Change Date, my monthly payment will be in an amount sufficient to pay accrued interest, at the rate determined as described in Section 4 of this Note until the First Principal and Interest Payment Due Date. On that date and thereafter, my monthly payment will be in an amount sufficient to repay the principal and interest at the rate determined as described in Section 4 of this Note in substantially equal installments by the Maturity Date. The Note Holder will notify me prior to the date of changes in monthly payment.

   **(C) Monthly Payment Changes**

   Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 or 5 of this Note.

4. **ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

   **(A) Change Dates**

   The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of AUGUST, 2013, and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

   **(B) The Index**

   Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

   If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

   **(C) Calculation of Changes**

   Before each Change Date, the Note Holder will calculate my new interest rate by adding
TWO & ONE-QUARTER          percentage points (                       2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

   The Note Holder will then determine the amount of my monthly payment. For payment adjustments occurring before the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay all accrued interest each month on the unpaid principal balance at the new interest rate. If I make a voluntary payment of principal before the First Principal and Interest Payment Due Date, my payment amount for subsequent payments will be reduced to the amount necessary to repay all accrued interest on the reduced principal balance at the current interest rate. For payment adjustments occurring on or after the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay unpaid principal and interest that I am expected to owe in full on the Maturity Date at the current interest rate in substantially equal payments.

   **(D) Limits on Interest Rate Changes**

   The interest rate I am required to pay at the first Change Date will not be greater than   13.250 % or less than
3.250 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than    13.250 %.

   **(E) Effective Date of Changes**

   My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

   **(F) Notice of Changes**

   Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of such change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

LOAN #: ▮▮▮▮8086

### (G) Date of First Principal and Interest Payment

The date of my first payment consisting of both principal and interest on this Note (the "First Principal and Interest Payment Due Date") shall be that date which is the 10th anniversary date of the first payment due date, as reflected in Section 3(A) of the Note.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. If the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of interest, during the period when my payment is interest only, and of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

LOAN #: ████8086

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor and waive the benefit of the homestead exemption as to the Property described in the Security Instrument (as defined below). "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

(A) Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument shall read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 18 of the Security Instrument shall instead read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's

LOAN #: ▮▮▮▮8086

security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.**

_____/s/ Valentyna Gudym_____(Seal)
VALENTYNA GUDYM                                    -Borrower

_____(Seal)
                                                   -Borrower

_____(Seal)
                                                   -Borrower

_____(Seal)
                                                   -Borrower

*[Sign Original Only]*

Pay to the order of:
Countrywide Home Loans, Inc.
Without Recourse
Countrywide Bank, N.A.
By: /s/ Laurie Meder
Laurie Meder, SVP

Pay to the order of: _____
Without Recourse
Countrywide Home Loans, Inc.
By: /s/ Michele Sjolander
Michele Sjolander, EVP

PAY TO THE ORDER OF
WITHOUT RECOURSE
COUNTRYWIDE BANK, N.A.
BY: /s/ Adriana Garcia
ADRIANA GARCIA
COLLATERAL PROCESSING OFFICER

● VIRGINIA ARM One Year LIBOR 10 Year Interest Only Period Note
1E455-VA (10/05)                                    Page 5 of 5

Prepared by: ANGIE MEYER                     Countrywide Bank, N.A.

DATE: 07/18/2006
BORROWER: VALENTYNA GUDYM
CASE #:
LOAN #: ███████086
PROPERTY ADDRESS: 13615 Kristin Pl
                  Herndon, VA 20171-3720

Branch #: 0000074
6802 PARAGON PLACE SUITE 120
RICHMOND, VA 23230
Phone: (804)285-1400
Br Fax No.: (804)285-0384

# PREPAYMENT PENALTY ADDENDUM

THIS PREPAYMENT PENALTY ADDENDUM is dated JULY 19, 2006, and is incorporated into and amends and supplements the Note of the same date (the "Note") given by me to Countrywide Bank, N.A.
(the "Lender"). The Note is secured by a Mortgage or Deed of Trust or comparable security instrument (the "Security Instrument") covering the property (the "Property") identified in the Security Instrument.

The section of the Note entitled "BORROWER'S RIGHT TO PREPAY" is replaced with the following new section:

BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. Such an advance payment of Principal is known as a "Prepayment." I may make partial or full Prepayments. When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. The Note Holder will use all of my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments. If the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term during which my payments consist only of interest as well as during the time that my monthly payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

● Prepayment Penalty Addendum
1E337-XX (12/04)(d)

Page 1 of 2


* 23991 *


* 14057808600000 1E337 *

LOAN #: ████8086

If within the first TWELVE months after the execution of this Note, I make prepayment(s), the total of which exceeds twenty (20) percent of the original Principal amount of this Note, I agree to pay a Prepayment Penalty in an amount equal to the payment of six (6) months' advance interest on the amount by which the total of my prepayment(s) during the twelve (12) month period immediately preceding the date of the prepayment exceeds twenty (20) percent of the original Principal amount of this Note. Interest will be calculated using the rate in effect at the time of prepayment.

All other terms and conditions of the above referenced Note remain in full force and effect.

_____ Borrower
VALENTYNA GUDYM

_____ Borrower

_____ Borrower

_____ Borrower

● Prepayment Penalty Addendum
1E337-XX (12/04)                                          Page 2 of 2

Prepared by: ANGIE MEYER

**Countrywide Bank, N.A.**

DATE: 07/18/2006
BORROWER: VALENTYNA GUDYM
NON-BORROWER:
CASE #:
LOAN #: ▮▮▮▮8086
PROPERTY ADDRESS: 13615 Kristin Pl
Herndon, VA 20171-3720

Branch #: 0000074
6802 PARAGON PLACE SUITE 120
RICHMOND, VA 23230
Phone: (804)285-1400
Br Fax No.: (804)285-0384

# SIGNATURE AND NAME CERTIFICATION

**BORROWER:**
VALENTYNA GUDYM

**NON-BORROWER:**


THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW.
(This signature must exactly match signatures on the Note and Security Instrument.)

VALENTYNA GUDYM
(Print or Type Name)

_____
Signature

(If applicable, complete the following.)

THIS IS TO CERTIFY THAT I AM ALSO KNOWN AS:

_____
(Print or Type Name)

_____
(Print or Type Name)

_____
(Print or Type Name)

_____
(Print or Type Name)

• Signature and Name Certification
1E340-US (06/05)(d)


*23991*


*140578086000001E340*

# *Law Offices*
# *of*
# *Shapiro & Burson, LLP*

August 1, 2011

VALENTYNA GUDYM
13615 KRISTIN PLACE
Herndon, VA 20171


RE: Reinstatement FIGURES
     Bank of America, N.A.
     Loan# ▇▇▇▇8086                                                                                                  S&B# 10-198459D

Dear VALENTYNA GUDYM:

We represent Bank of America, N.A.. Pursuant to your request, the below amount represents the reinstatement figures for the loan through August 1, 2011:

| | |
|---|---|
| 21 payments at $2,335.87 per payment (July 1, 2008 through March 1, 2011) | $49,053.27 |
| 17 payments at $2,238.02 per payment (July 1, 2008 through March 1, 2011) | $38,046.34 |
| Property Inspections: | $224.00 |
| Accrued Late Charges: | $1,307.15 |
| Attorney Fees as of August 1, 2011: | $515.00 |
| Foreclosure Costs as of August 1, 2011: | $164.52* |
| *BREAKDOWN OF Foreclosure Costs: | |
|    *PUBLICATION | $114.57 |
|    *RECORDING COSTS | $21.00 |
|    *Certified Mail Costs | $28.95 |

**TOTAL as of August 1, 2011**        **$89,310.28**

**\*\*Please read PAGE 2 for important information**

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

NO DEBT COLLECTION ATTEMPT WILL BE MADE IN VIOLATION OF THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362(a), OR OF ANY BANKRUPTCY DISCHARGE OR BANKRUPTCY COURT ORDER

13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033 E-mail FIGURES.VA@LOGS.COM
(703) 449-5800   Facsimile (703) 449-5850 »

**Bank of America**
**Home Loans**

Page 3

Account Number: ████8086
Statement Period: 09/2006 - 07/2011
Date Prepared: 07/25/2011

Property Address:
13615 Kristin Pl
Herndon, VA 20171

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | **Beginning Balance** | | | **292,500.00** | | **1,996.21** | | | | **.00** |
| 09/08/2006 | HAZARD INS PMT | -555.55 | 09/2006 | .00<br>292,500.00 | .00 | -555.55<br>1,440.66 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 10/12/2006 | REGULAR PAYMENT | 2,311.60 | 10/2006 | .00<br>292,500.00 | 2,010.94 | 300.66<br>1,741.32 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 10/12/2006 | MISC. POSTING | .40 | 10/2006 | .40<br>292,499.60 | .00 | .00<br>1,741.32 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 11/02/2006 | REGULAR PAYMENT | 2,311.59 | 11/2006 | .00<br>292,499.60 | 2,010.93 | 300.66<br>2,041.98 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 11/09/2006 | COUNTY TAX PMT | -1,611.60 | 11/2006 | .00<br>292,499.60 | .00 | -1,611.60<br>430.38 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 11/27/2006 | REGULAR PAYMENT | 2,311.59 | 12/2006 | .00<br>292,499.60 | 2,010.93 | 300.66<br>731.04 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 12/26/2006 | REGULAR PAYMENT | 2,311.59 | 01/2007 | .00<br>292,499.60 | 2,010.93 | 300.66<br>1,031.70 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 01/25/2007 | REGULAR PAYMENT | 2,311.59 | 02/2007 | .00<br>292,499.60 | 2,010.93 | 300.66<br>1,332.36 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 02/20/2007 | REGULAR PAYMENT | 2,311.59 | 03/2007 | .00<br>292,499.60 | 2,010.93 | 300.66<br>1,633.02 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 03/22/2007 | REGULAR PAYMENT | 2,311.59 | 04/2007 | .00<br>292,499.60 | 2,010.93 | 300.66<br>1,933.68 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 04/04/2007 | PAYMENT REVERSAL | -2,311.59 | 03/2007 | .00<br>292,499.60 | -2,010.93 | -300.66<br>1,633.02 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 04/12/2007 | REGULAR PAYMENT | 2,311.59 | 04/2007 | .00<br>292,499.60 | 2,010.93 | 300.66<br>1,933.68 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 04/30/2007 | REGULAR PAYMENT | 2,311.59 | 05/2007 | .00<br>292,499.60 | 2,010.93 | 300.66<br>2,234.34 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 06/01/2007 | REGULAR PAYMENT | 2,311.59 | 06/2007 | .00<br>292,499.60 | 2,010.93 | 300.66<br>2,535.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 06/29/2007 | REGULAR PAYMENT | 2,311.59 | 07/2007 | .00<br>292,499.60 | 2,010.93 | 300.66<br>2,835.66 | .00 | .00 | .00<br>.00 | .00<br>.00 |

CRPRDNRBS57a 7/25/2011 4:32:45 PM PAGE 3/007 Fax Server

**Bank of America**
Home Loans

Page 4

Account Number:           ████8086
Statement Period:        09/2006 - 07/2011
Date Prepared:           07/25/2011

Property Address:
13615 Kristin Pl
Herndon, VA  20171

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/06/2007 | COUNTY TAX PMT | -1,597.39 | 07/2007 | .00<br>292,499.60 | .00 | -1,597.39<br>1,238.27 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 07/30/2007 | REGULAR PAYMENT | 2,311.59 | 08/2007 | .00<br>292,499.60 | 2,010.93 | 300.66<br>1,538.93 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 08/30/2007 | REGULAR PAYMENT | 2,350.64 | 09/2007 | .00<br>292,499.60 | 2,010.93 | 339.71<br>1,878.64 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 09/10/2007 | HAZARD INS PMT | -509.70 | 09/2007 | .00<br>292,499.60 | .00 | -509.70<br>1,368.94 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 09/27/2007 | REGULAR PAYMENT | 2,350.64 | 10/2007 | .00<br>292,499.60 | 2,010.93 | 339.71<br>1,708.65 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 10/26/2007 | REGULAR PAYMENT | 2,350.64 | 11/2007 | .00<br>292,499.60 | 2,010.93 | 339.71<br>2,048.36 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 11/09/2007 | COUNTY TAX PMT | -1,597.38 | 11/2007 | .00<br>292,499.60 | .00 | -1,597.38<br>450.98 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 11/30/2007 | REGULAR PAYMENT | 2,335.87 | 12/2007 | .00<br>292,499.60 | 2,010.93 | 324.94<br>775.92 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 01/11/2008 | REGULAR PAYMENT | 2,335.87 | 01/2008 | .00<br>292,499.60 | 2,010.93 | 324.94<br>1,100.86 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 01/31/2008 | REGULAR PAYMENT | 2,335.87 | 02/2008 | .00<br>292,499.60 | 2,010.93 | 324.94<br>1,425.80 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 02/28/2008 | REGULAR PAYMENT | 2,335.87 | 03/2008 | .00<br>292,499.60 | 2,010.93 | 324.94<br>1,750.74 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 04/14/2008 | REGULAR PAYMENT | 2,335.87 | 04/2008 | .00<br>292,499.60 | 2,010.93 | 324.94<br>2,075.68 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 07/07/2008 | COUNTY TAX PMT | -1,466.05 | 04/2008 | .00<br>292,499.60 | .00 | -1,466.05<br>609.63 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 09/10/2008 | HAZARD INS PMT | -272.40 | 04/2008 | .00<br>292,499.60 | .00 | -272.40<br>337.23 | .00 | .00 | .00<br>.00 | .00<br>.00 |

**Bank of America**
**Home Loans**

Page 5

Account Number: ███████8086
Statement Period: 09/2006 - 07/2011
Date Prepared: 07/25/2011

Property Address:
13615 Kristin Pl
Herndon, VA  20171

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/07/2008 | COUNTY TAX PMT | -1,466.04 | 04/2008 | .00<br>292,499.60 | .00 | -1,466.04<br>-1,128.81 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 04/02/2009 | MISC. POSTING | 44.00 | 04/2008 | .00<br>292,499.60 | .00 | .00<br>-1,128.81 | .00 | .00 | .00<br>.00 | 44.00<br>44.00 |
| 07/02/2009 | COUNTY TAX PMT | -1,173.94 | 04/2008 | .00<br>292,499.60 | .00 | -1,173.94<br>-2,302.75 | .00 | .00 | .00<br>.00 | .00<br>44.00 |
| 09/22/2009 | HAZARD INS PMT | -261.27 | 04/2008 | .00<br>292,499.60 | .00 | -261.27<br>-2,564.02 | .00 | .00 | .00<br>.00 | .00<br>44.00 |
| 11/06/2009 | COUNTY TAX PMT | -1,185.22 | 04/2008 | .00<br>292,499.60 | .00 | -1,185.22<br>-3,749.24 | .00 | .00 | .00<br>.00 | .00<br>44.00 |
| 01/08/2010 | MISC. POSTING | -44.00 | 04/2008 | .00<br>292,499.60 | .00 | .00<br>-3,749.24 | .00 | .00 | .00<br>.00 | -44.00<br>.00 |
| 01/28/2010 | PRINCIPAL ADJUST. | -49,157.43 | 01/2010 | -49,157.43<br>341,657.03 | .00 | .00<br>-3,749.24 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 01/28/2010 | DUE DATE ADJUST. | .00 | 01/2010 | .00<br>341,657.03 | .00 | .00<br>-3,749.24 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 01/29/2010 | MISC. POSTING | 790.00 | 01/2010 | .00<br>341,657.03 | .00 | .00<br>-3,749.24 | .00 | .00 | .00<br>.00 | 790.00<br>790.00 |
| 02/17/2010 | PRINCIPAL ADJUST. | 49,157.43 | 04/2008 | 49,157.43<br>292,499.60 | .00 | .00<br>-3,749.24 | .00 | .00 | .00<br>.00 | .00<br>790.00 |
| 02/17/2010 | DUE DATE ADJUST. | .00 | 04/2008 | .00<br>292,499.60 | .00 | .00<br>-3,749.24 | .00 | .00 | .00<br>.00 | .00<br>790.00 |
| 03/05/2010 | MISC. POSTING | 800.00 | 04/2008 | .00<br>292,499.60 | .00 | .00<br>-3,749.24 | .00 | .00 | .00<br>.00 | 800.00<br>1,590.00 |
| 03/31/2010 | MISC. POSTING | 787.80 | 04/2008 | .00<br>292,499.60 | .00 | .00<br>-3,749.24 | .00 | .00 | .00<br>.00 | 787.80<br>2,377.80 |
| 05/21/2010 | MISC. POSTING | 800.00 | 04/2008 | .00<br>292,499.60 | .00 | .00<br>-3,749.24 | .00 | .00 | .00<br>.00 | 800.00<br>3,177.80 |

CRPRDNRBS57a   7/25/2011 4:32:45 PM   PAGE 5/007   Fax Server

**Bank of America**
**Home Loans**

Page 6

Account Number: ███████8086
Statement Period: 09/2006 - 07/2011
Date Prepared: 07/25/2011

Property Address:
13615 Kristin Pl
Herndon, VA 20171

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/15/2010 | MISC. POSTING | 880.00 | 04/2008 | .00<br>292,499.60 | .00 | .00<br>-3,749.24 | .00 | .00 | .00<br>.00 | 880.00<br>4,057.80 |
| 06/29/2010 | COUNTY TAX PMT | -1,231.93 | 04/2008 | .00<br>292,499.60 | .00 | -1,231.93<br>-4,981.17 | .00 | .00 | .00<br>.00 | .00<br>4,057.80 |
| 07/13/2010 | MISC. POSTING | 880.00 | 04/2008 | .00<br>292,499.60 | .00 | .00<br>-4,981.17 | .00 | .00 | .00<br>.00 | 880.00<br>4,937.80 |
| 07/30/2010 | MISC. POSTING | -4,671.74 | 04/2008 | .00<br>292,499.60 | .00 | .00<br>-4,981.17 | .00 | .00 | .00<br>.00 | -4,671.74<br>266.06 |
| 07/30/2010 | REGULAR PAYMENT | 2,335.87 | 05/2008 | .00<br>292,499.60 | 2,010.93 | 324.94<br>-4,656.23 | .00 | .00 | .00<br>-100.55 | .00<br>266.06 |
| 07/30/2010 | REGULAR PAYMENT | 2,335.87 | 06/2008 | .00<br>292,499.60 | 2,010.93 | 324.94<br>-4,331.29 | .00 | .00 | .00<br>-201.10 | .00<br>266.06 |
| 07/30/2010 | PAYMENT REVERSAL | -2,335.87 | 05/2008 | .00<br>292,499.60 | -2,010.93 | -324.94<br>-4,656.23 | .00 | .00 | .00<br>-100.55 | .00<br>266.06 |
| 07/30/2010 | PAYMENT REVERSAL | -2,335.87 | 04/2008 | .00<br>292,499.60 | -2,010.93 | -324.94<br>-4,981.17 | .00 | .00 | .00<br>.00 | .00<br>266.06 |
| 07/30/2010 | REGULAR PAYMENT | 2,335.87 | 05/2008 | .00<br>292,499.60 | 2,010.93 | 324.94<br>-4,656.23 | .00 | .00 | .00<br>-100.55 | .00<br>266.06 |
| 07/30/2010 | REGULAR PAYMENT | 2,335.87 | 06/2008 | .00<br>292,499.60 | 2,010.93 | 324.94<br>-4,331.29 | .00 | .00 | .00<br>-201.10 | .00<br>266.06 |
| 08/05/2010 | MISC. POSTING | 800.00 | 06/2008 | .00<br>292,499.60 | .00 | .00<br>-4,331.29 | .00 | .00 | .00<br>-201.10 | 800.00<br>1,066.06 |
| 09/09/2010 | MISC. POSTING | 800.00 | 06/2008 | .00<br>292,499.60 | .00 | .00<br>-4,331.29 | .00 | .00 | .00<br>-201.10 | 800.00<br>1,866.06 |
| 09/21/2010 | HAZARD INS PMT | -301.19 | 06/2008 | .00<br>292,499.60 | .00 | -301.19<br>-4,632.48 | .00 | .00 | .00<br>-201.10 | .00<br>1,866.06 |
| 12/06/2010 | COUNTY TAX PMT | -1,231.91 | 06/2008 | .00<br>292,499.60 | .00 | -1,231.91<br>-5,864.39 | .00 | .00 | .00<br>-201.10 | .00<br>1,866.06 |

CRPRDNRBS57a   7/25/2011 4:32:45 PM PAGE 6/007 Fax Server