IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **VALENTYNA GUDYM,** | * |
| | * |
| Plaintiff, | * |
| v. | * Civil Action No: 4:12-cv-85 |
| | * |
| **LAW OFFICES OF** | * |
| **SHAPIRO, BROWN & ALT, LLP,** *et al.* | * |
| | * |
| Defendants. | * |

## SB&A AND PFC'S RESPONSE IN SUPPORT OF ITS MOTION TO DISMISS

Defendants Shapiro, Brown & Alt, LLP ("SB&A") and Professional Foreclosure Corporation of Virginia ("PFC"), by counsel, hereby submit this response to Plaintiff Valentyna Gudym's Opposition to their motion to dismiss ("Opp."), and in support thereof, state as follows:

Attempting to keep her lawsuit alive at all costs, and part of her counsel's ongoing campaign against Defendants, Plaintiff argues that this Court should disregard undisputed facts, and even facts that she herself has alleged. Although generally, the defense of a bona-fide mistake under 15 U.S.C. §1692k(c), would otherwise not be sufficiently developed so as to be available for purposes of a motion to dismiss, here Plaintiff has plead the necessary facts to establish the defense – Plaintiff herself admits that any error is attributable not to Defendants, but to her loan servicer – BAC Home Loans Servicing, LP. See Opp. at 4 ("Plaintiff is a victim of a servicing mistake as she alleges she had obtained a permanent loan modification and was in compliance with the same."); see also id. at n. 3 ("Plaintiff has filed a separate action seeking specific performance of her loan modification agreement. See Gudym v. Bank of America, N.A., Civ No. 1:12-cv-646 (E.D. Va. April 13, 2012) (the "BOA Complaint"), attached hereto

as **Exhibit A**;[1] accord Richmond, Fredericksburg & Potomac Railroad Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) (noting that "[i]n limited circumstances where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint.").

Indeed in that separate lawsuit, which is explicitly referenced in her Opposition, Plaintiff alleges that Bank of America has refused to accept her payments and has instituted foreclosure on her home. See BOA Compl. at ¶26. And, undisputed is that that BAC Home Loans Servicing, LP referred the matter to foreclosure, and that if any error exists in the amounts indicated in the initial letter it is because of an alleged "servicing mistake" of BAC. Yet, in this lawsuit, Plaintiff seeks to hold Defendants liable because of a dispute concerning her loan.

Such a position, that a lawyer might be liable merely because a claim was disputed, was rejected in an unpublished opinion last week in McLean v. Ray, 2012 U.S. App. Lexis 14857, 12-13 (4th Cir. Va. July 17, 2012), attached hereto as **Exhibit B**. In McLean, examining claims under several sections, including 15 U.S.C. § 1692e,[2] the United States Court of Appeals for the Fourth Circuit explained that lawyers are not liable for disputed claims where there is a

---

[1] In her separate lawsuit against Bank of America, Plaintiff herself admits BAC Home Loan Servicing, LO was a wholly- owned subsidiary on Bank of America, N.A., and was merged into Bank of America in July, 2011. See BOA Compl. at ¶6. Further, she admits that the original lender, Countrywide Bank, N.A., was acquired by Bank of America in 2008. Id. at ¶8.

[2] Plaintiff incorrectly attempts to distinguish a collector's right to rely upon its client when validating a dispute of debt under 15 U.S.C. §1692g, from those such as here, where it is alleged that the initial communication falsely represented the character, amount, or legal status of the debt under § 1692e. Such a distinction, however, is immaterial. As applied in McLean, and as evident from the plain language of 15 U.S.C. §1692k(c), the bona-fide error defense is not so limited; rather, it applies across the board to claims made under all sections of the FDCPA.

colorable factual basis for the amount claimed by the client. See id. The Court also rejected an attempt to impose a heightened duty upon the lawyer. See id. Specifically, the McLean Court explained:

> [D]ebt collector lawyers had no reason to question the amount of debt they were attempting to collect for their clients, stating that lawyers "cannot be held liable for what appears to be an honest dispute regarding the amount of the debt, so long as there exists a colorable factual basis for the higher amount claimed by their client." 1999 U.S. App. LEXIS 4815, [WL] at *2 (quoting the district court). This court also rejected the Amond plaintiff's argument that the FDCPA created a heightened duty of investigation for lawyers engaged in ordinary debt collection activity. 1999 U.S. App. LEXIS 4815, [WL] at *3.)

Id. (quoting Amond v. Brincefield, Hartnett & Assocs., P.C., 1999 U.S. App. Lexis 4815 (4th Cir. Va. Mar. 22, 1999)).

Federal courts in other jurisdictions have consistently reached the same conclusion as in McLean, and dismissed plaintiffs' claims that the debt collector misrepresented the validity of the debt or its amount when the debt collector relied on the information provided to it by the creditor. See, e.g., Randolph v. IBMS, Inc., 368 F.3d 726 (7th Cir. 2004) (holding that "Courts do not impute to debt collectors other information that may be in creditors' files-for example, that debt has been paid or was bogus to start with"); Slanina v. United Recovery Sys., LP, Case No. 3:11-CV-1391, 2011 U.S. Dist. Lexis 121356, *8 (M.D. Pa. Oct. 20, 2011) (dismissing plaintiff's FDCPA claim *not* because a bona fide error defense applied but because debt collector has not duty to verify debt validity before it initiates debt collection) attached as **Exhibit C**; Hyman v. Tate, 362 F.3d 965, 968 (7th Cir. 2004) (debt collector was not required to verify that the debt was not in bankruptcy but was entitled to rely on the creditor's representations instead); Ducrest v. Alco Collections, 931 F.Supp. 459, 462 (M.D.La.1996)

("[t]he FDCPA does not require an independent investigation of the information provided by clients when a debt collector tries to collect a debt, nor does it require the debt collector to dispute the creditor's construction of a contract."); see also Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1032 (6th Cir. 1992) (statute does not require an independent investigation of the debt referred for collection; instead, the FDCPA requires the maintenance of procedures reasonably adapted to avoid any such error.). Although creditors may possess additional information regarding the loan, the FDCPA does not automatically impute such knowledge to debt collectors. See, e.g., Lynch v. Nelson Watson & Assocs., LLC, Case No. 10-cv-2025, 2011 U.S. Dist. Lexis 66031 (D. Kan. June 21, 2011) (dismissing plaintiff's FDCPA claim because any knowledge that the creditor had regarding plaintiff's representation by an attorney could not be imputed to the defendant debt collector) (**Exhibit D**).

Here, despite the rejection in McLean, Plaintiff seeks to impose a heightened duty upon Defendants that does not exist under the FDPCA, as all that Plaintiff has alleged is that there is a colorable dispute regarding the amount owed, in light of her loan modification, and that Defendants' actions amounted to providing her verification of the basis of BAC's claim. For example, after her receipt of the initial communication, the Complaint admits that, "upon request by [Plaintiff], through counsel, the Defendant provided [Plaintiff] with a copy of the Note." Compl. at ¶54. And, when over thirty days after she received the initial communication under 15 U.S.C. §1692g, Plaintiff asserted that she had a loan modification – outside the validation period under 15 U.S.C. §1692g, Defendants acknowledged the letter, see Compl. at ¶45, Ex. D, provided a copy of the Note, see Mt. Dismiss Ex 7, and reinstatement figures from the client, as requested by Plaintiff's counsel, see Mt. Dismiss, Ex. 8, consistent with the validation provided in Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999). Notably,

following provision of this information, no further activity is alleged to have occurred on Plaintiff's file. See Compl. at ¶57-58.

Thus, at most, Plaintiff has alleged that a dispute existed concerning her loan, and that other than responding to her request for information, see Mt. Dismiss, Ex. 8, Defendants took no further activity on her file. Moreover, as indicated, Plaintiff admits that the source of the dispute is the alleged error by Bank of America, N.A., successor by merger to its wholly-owned subsidiary BAC Home Loans Servicing, LP, who she has sued in a separate suit. Accordingly, just as in McLean, this Court should reject Plaintiff's attempt to hold Defendants liable merely because a dispute exists, particularly as here, Plaintiff specifically admits that the alleged error is not attributable to Defendants.

Further, Plaintiff's theory that the owner of a loan must be designated as creditor is contradicted by her own modification agreement that she claims is the basis of her debt dispute. Notably, the modification agreement, which she attached to her lawsuit against Bank of America, see BAC Compl. at Ex. 1, which is specifically referenced and relied upon by Plaintiff in her present Complaint, Compl. at ¶¶14-19, identifies BAC Home Loans Servicing, LP as the "Lender," see id. Moreover, such modification purports to be an agreement between Plaintiff and BAC Home Loans Servicing, LP, see id., not with Fannie Mae. Further demonstrating her understanding of the identity of her creditor is that Fannie Mae is not even a party to her lawsuit.

In addition, although Plaintiff claims that BAC Home Loans Servicing, LP lacked authority to appoint PFC as substitute trustee, see Opp. at 28, she asks this Court to disregard Virginia state law on this issue as irrelevant to her claims under the FDCPA. Plaintiff cannot have it both ways. Under Virginia law, as set forth in Defendants' Motion to Dismiss, the right

to foreclose, including the right to appoint a substitute trustee, belongs to BAC Home Loans Servicing, LP, as the servicer, holder, non-holder in possession, nominee, and/or beneficiary of the subject loan. See Va. Code §55-59(9) (beneficiary of deed of trust); Tapia v. United States Bank, N.A., 718 F. Supp. 2d 689, 697, 72 U.C.C. Rep Serv. 2d (Callaghan) 465, (E.D. Va. 2010) (nominee of lender such as MERS); Horvath v. Bank of N.Y., 641 F.3d 617 (4th Cir. 2011) (note holder of its agent); see Larota-Florez v. Goldman Sachs Mortgage Co., 719 F. Supp 2d 636, 640-41 (E.D. Va. 2010), aff'd per curium at Appeal No. 10-1523 (4th Cir July 28, 2011) (loan servicer); see Va. Code 8.3A-301(ii); Va. Code 8.3A-203(b) (non-holder in possession with rights of holder. And while Plaintiff's counsel may believe that they are more talented than counsel in those cases, see Opp. At 2-3, n.1, even if true, those cases comprise the law of this jurisdiction, and are the opinions of experienced Virginia jurists. Accordingly, Plaintiff's claim premised upon her attack on the validity of the Appointment of Substitute Trustee must be rejected.

Moreover, to the extent that Plaintiff initially complained about the 2010 notice of the unavailability of a note, see Compl. at ¶¶60-61, she now clarifies that she is not making a claim regarding that notice because she concedes such claim is time-barred. See Opp. at 29 ("With a FDCPA statute of limitations period of one year and a filing date of June 1, 2012, Plaintiff cannot prosecute violations within the September 2010 letter. And she does not attempt to do so in her Complaint.").

Finally, Plaintiff's attempt to use an alter ego theory to impose liability upon PFC for acts of SBA should be rejected. Notably, the alter ego theory is generally is applicable in the context of piercing the corporate veil, not applicable here. Nor do the cases relied upon by Plaintiff support an extension of the alter ego analysis. Rather, those cases seek to impose

liability on a debt collector materially participated in the debt collection. However, there is no plausible allegation in the Complaint that PFC materially participated in debt collection. As indicated, the only fact Plaintiff alleges in support of her assertion that PFC is the alter ego of SBA is that PFC is appointed to act as substitute trustee for loans that are referred to SBA for foreclosure. See Compl. at ¶4. Each of the correspondence alleged are from SBA. Moreover, this Court has rejected a plaintiff's attempts to find that a mere substitute trustee is liable under the FDCPA. See Holland v. Chase Home Fin., LLC, 2011 U.S. Dist. Lexis 102197, 22-25, 2:11-cv-223 (E.D. Va. Sept. 9, 2011) (**Exhibit E**). Notably, in Holland, the Court determined that substitute trustees liability under the FDCPA, is akin to that of a repossession agent, see Eley v. Evans, 476 F. Supp. 2d 531, 534 (E.D. Va. 2007) ("Repossession agents and agencies, whose only role in the debt collection process are the enforcement of security interests, generally fall outside of the ambit of the FDCPA, except for the provisions of § 1692f(6)."), and therefore such liability is limited only to alleged violations of 1692f(6), explaining:

> [U]nder the FDCPA, the term "debt collector" includes those "who use[] any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests" only for the purposes of § 1692f(6). 15 U.S.C. § 1692a(6). Accordingly, this Court has held that "[r]epossession agents and agencies, whose only role in the debt collection process are the enforcement of security interests, generally fall outside of the ambit of the FDCPA, except for the provisions of § 1692f(6)." Eley, 476 F. Supp. 2d at 534. In her Amended Complaint, Plaintiff alleges that Defendants PFC and Shapiro & Burson serve as substitute trustee in foreclosure sales for mortgage lenders. See Am. Compl. ¶ 2. However, Plaintiff has not alleged that PFC and Shapiro & Burson violated § 1692f(6) of the FDCPA, but only alleges violations under § 1692g.
>
> Although it is clear from Plaintiff's pleadings that PFC and Shapiro & Burson are engaged in the business of enforcing security interests, it is not clear whether they would otherwise

>meet the definition of "debt collector" under the FDCPA. Plaintiff alleges only that Shapiro & Burson "represents mortgage lenders with regard to foreclosures, bankruptcies, evictions, and related litigation matters" and that PFC serves as substitute trustee in foreclosure sales for mortgage lenders who are clients of Shapiro & Burson. . . . Thus, the Court finds that Plaintiff has not alleged sufficient facts to establish that Defendants PFC and Shapiro & Burson satisfy the definition of "debt collector" as that term is used under the FDCPA. Accordingly, Plaintiff fails to state a claim under the FDCPA against Defendants Chase and Defendants PFC and Shapiro & Burson because Plaintiff failed to plead sufficient facts to establish that Defendants meet the definition of "debt collector" as that term is used in the statute.

Holland v. Chase Home Fin., LLC, 2011 U.S. Dist. Lexis 102197, 22-25 (E.D. Va. Sept. 9, 2011). Here, Plaintiff has not alleged a claim under §1692f(6). Merely being named a substitute trustee is not a basis for liability under the FDCPA, as the lender may appoint a substitute trustee at any time, even where there is no default.

WHEREFORE, Shapiro, Brown & Alt, LLP and Professional Foreclosure Corporation of Virginia respectfully request that the Complaint be dismissed, that it be awarded its fees in the action, and for such other relief as may be just and proper.

Dated: July 23, 2012

Respectfully Submitted,
**SHAPIRO, BROWN & ALT, LLP and PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA**
*By Counsel*

By: */s/ Bizhan Beiramee*
Bizhan Beiramee, Esq., (VSB # 50918)
Beiramee & Cohen, P.C.
6663 B Old Dominion Drive
Third Floor
McLean, Virginia 22101
Phone: (703) 483-9600
Fax: (703) 483-9599
Email: bbeiramee@beiramee.com
*Counsel for Shapiro, Brown & Alt, LLP and Professional Foreclosure Corporation of Virginia*

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Dale Wood Pittman, Esq.
>The Law Office of Dale W. Pittman, P.C.
>112-A W Tabb St
>Petersburg, VA 23803-3212
>(804) 861-6000
>Fax: (804) 861-3368
>Email: dale@pittmanlawoffice.com
>
>Kristi Cahoon Kelly, Esq.
>Surovell Isaacs Petersen & Levy PLC
>4010 University Drive, Suite 200
>Fairfax, VA 22030
>703-277-9774
>Fax: 703-591-9285
>Email: kkelly@siplfirm.com
>
>Leonard Anthony Bennett, Esq.
>Susan Mary Rotkis, Esq.
>Consumer Litigation Associates
>763 J Clyde Morris Boulevard, Suite 1A
>Newport News, VA 23601
>757-930-3660
>Fax: 757-930-3662
>Email: lenbennett@cox.net
>Email: srotkis@clalegal.com
>
>Matthew James Erausquin, Esq.
>Consumer Litigation Associates PC (Alex)
>1800 Diagonal Road, Suite 600
>Alexandria, VA 22314
>703-273-6080
>Fax: 888-892-3512
>Email: matt@clalegal.com

By: */s/ Bizhan Beiramee*
Bizhan Beiramee