# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



VALENTYNA GUDYM, )
)
Plaintiff. )
)
v. )
)
BANK OF AMERICA, N.A. )
SERVE: CT Corporation System, Registered Agent )
    4701 Cox Road, Suite 301 )
    Glen Allen, VA 23060 )
)
Defendant. )
)

3:12CV275

## COMPLAINT

The Plaintiff, VALENTYNA GUDYM (hereafter "Ms. Gudym"), by counsel, and for her Complaint against Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorneys' fees based on Defendant's breach of contract, breach of implied covenant of good faith and fair dealing, and violations of 12 U.S.C. § 2601 et seq. (Real Estate and Settlement Procedures Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 12 U.S.C. §2605(f), and 28 U.S.C. §1331.

3. The court has subject matter jurisdiction over Ms. Gudym's claims for breach of contract and breach of implied covenant of good faith and fair dealing because both of

1

those claims arise out of the same common nucleus of operative facts as her claim under RESPA.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as the Defendant maintains a registered office within the boundaries of the Eastern District of Virginia, Ms. Gudym resides in this District and Division and significant part of the Ms. Gudym's claims occurred in Virginia.

## PARTIES

5. The Plaintiff, VALENTYNA GUDYM, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

6. Upon information and belief, BANK OF AMERICA, N.A., *d/b/a BAC HOME LOAN SERVICING, LP* ("Bank of America") is a foreign limited liability company doing business as a mortgage originator and servicer. BAC HOME LOAN SERVICING, LP was a wholly owned subsidiary of Bank of America, N.A. and was merged into Bank of America in July, 2011. At all relevant times hereto, Defendant was a mortgage loan servicing company as governed by RESPA.

## FACTS

7. In October 2004, Ms. Gudym purchased her home located in Fairfax County, Virginia (the "Property"). In July 2006, Ms. Gudym refinanced the mortgage on her property and borrowed $292,500.00 from Countrywide Bank, N.A.

8. Countrywide Bank, N.A. was acquired by Defendant in 2008.

9. In the Fall of 2009, Ms. Gudym applied for a loan modification with the Defendant.

10. As part of the application, Ms. Gudym filled out the Defendant's forms, provided income verification documents, bank statements and her tax returns.

11. On or around December 11, 2009, Defendant offered Ms. Gudym a permanent loan modification ("Agreement"). A true and accurate copy of Agreement is attached hereto as Exhibit A.

12. The Agreement required Ms. Gudym to make monthly payments in the amount of $787.80, which included her principal, interest, taxes, and insurance payments.

13. The Agreement also cured Ms. Gudym's arrearage and made her new principal balance $341,657.03.

14. On or around December 29, 2010, Ms. Gudym accepted the Agreement and made her first modified payment per the Agreement.

15. The Agreement modified her loan as of January 1, 2010.

16. Ms. Gudym continued to pay Defendant under the terms of the Agreement for nearly a year.

17. Despite Ms. Gudym's compliance with the terms of the Agreement, Defendant subsequently refused to accept her modified payment amount without any explanation.

18. Instead, Defendant placed her home in foreclosure without even directly contacting her about the inaccurate delinquency.

19. On August 25, 2011, Ms. Gudym, through counsel, sent a Qualified Written Request to Defendant regarding its refusal to accept the modified payments. This correspondence also requested full accounting of all charges, debits and credits assessed on her loan.

20. Defendant received the correspondence on August 29th and 30th, 2011.

21. Defendant never acknowledged receipt of Ms. Gudym's Qualified Written Request, nor has it responded to her requests for specific information.

22. Ms. Gudym has made numerous attempts to make her modified payments, but Defendant has refused to accept them.

## COUNT ONE: BREACH OF CONTRACT

23. Ms. Gudym alleges and reincorporates paragraph 1 through 22 above as fully set forth herein.

24. The Agreement between Defendant and Ms. Gudym is a contract and is to be construed according to its terms to the extent the terms are not in conflict with the requirements of law.

25. Under the terms of the Agreement with Defendant, Ms. Gudym agreed to make monthly payments in the amount of $787.80, which included principal, interest, taxes, and insurance.

26. Ms. Gudym complied with her payment obligations and all other terms of the Agreement.

27. Despite her compliance, Defendant breached the Agreement by refusing to accept her payments and by instituting a foreclosure on her home.

28. The breach of the Agreement caused Ms. Gudym to suffer economic damages for which there is no adequate remedy at law, and for which Defendant should be liable to Ms. Gudym.

29. Such damages amounts to sums that would include losses relating to unnecessary anxiety, embarrassment and the imposition of fees related to the alleged default and attempted foreclosure sale of her home, when Ms. Gudym was not in default.

30. Ms. Gudym cannot be made whole without specific performance of the Agreement because monetary damages are unavailable and/or inadequate. Ms. Gudym's property is unique and serves as her home. Thus, her home cannot be substituted with money recoverable as legal damages would be speculative.

### COUNT TWO: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Ms. Gudym alleges and reincorporates paragraph 1 through 30 above as fully set forth herein.

32. The Agreement, like all contracts, contains an implied covenant of good faith and fair dealing by all parties in the performance of the agreement.

33. Defendant failed to fulfill the implied covenant of good faith and fear dealing by, *inter alia*, offering and encouraging Ms. Gudym to participate in a loan modification, instructing her to make the new required payment amount, refusing to honor the payments after accepting them for nearly a year, and instituting a foreclosure proceeding even though it had knowledge that Ms. Gudym was compliant with the Agreement.

34. Ms. Gudym has also suffered actual damages and is with additional harm from Defendant's breach. By relying on Defendant's representations and the terms of the Agreement, including the embarrassment of a publicly advertised foreclosure sale, the anxiety of dealing with the Defendant demanding payments not due, and the imposition of foreclosure sale and default fees.

35. To the extent that actual damages will not fully and fairly compensate Ms. Gudym, she is also entitled to specific performance. Ms. Gudym requests actual damages and specific performance of her Agreement.

### COUNT THREE: VIOLATION OF REAL ESTATE AND SETTLEMENT PROCEDURES ACT
### 12 U.S.C. § 2605(e)

36. Ms. Gudym realleges and incorporates paragraphs 1 through 35 above as if fully set out herein.

37. On one or more occasions within the past two years, by example only and without limitation, Ms. Gudym made multiple qualified written requests to Defendant insisting that it conduct an investigation to her Agreement with the Defendant and correct its improper refusal to accept her payments. She also requested information regarding her loan.

38. Ms. Gudym made one of her Qualified Written Requests on August 25, 2011.

39. Ms. Gudym sent her written communication to the address at which she was instructed by Defendant

40. Defendant violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), by:

    a. Failing to timely provide a written notice of receipt of the inquiries;

    b. Failing to provide any written notice of receipt of the inquiries;

    c. Failing to timely conduct an appropriate investigation Ms. Gudym's inquiries;

    d. Failing to conduct any investigation whatsoever regarding Ms. Gudym's inquiries;

6

e. Failing to timely provide Ms. Gudym with a true and accurate written explanation or clarification;

f. Failing to provide Ms. Gudym with any information whatsoever regarding her inquiries;

41. As a result of Defendant's violations of 12 U.S.C. § 2605(e), Ms. Gudym suffered actual damages, including but not limited to: damage to reputation, embarrassment, humiliation and other mental and emotional distress from the placement of her home in foreclosure and excessive fees from the default fees assessed on her loan.

42. Defendant is liable for actual damages in an amount to be determine by the Court pursuant to 15 U.S.C. § 2605(f).

43. Defendant's conduct appears to be a pattern and practice of misconduct with many consumers. Ms. Gudym has been a victim of this pattern of misconduct. For each violation of 12 U.S.C. § 2605(e), Defendant is also liable to Ms. Gudym for additional damages up to $1,000 per violation.

44. Ms. Gudym is also entitled to recover costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 12 U.S.C. § 2605(f)(3).

WHEREFORE, Ms. Gudym demands judgment for actual and statutory damages against Defendant; for specific performance on the Agreement; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

TRIAL BY JURY IS DEMANDED

VALENTYA GUDYM

By /s/ K. Kelly
Counsel

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB#82170
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 – Telephone
(703) 591-9285 – Facsimile
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com

Case Case 21cv-2:00-8500446-A-DEMCB Document 12-11 Filed 04/723/112 Page 9 of 8 PageID #: 365

RECORDING REQUESTED BY:
BAC Home Loans Servicing, LP
Attn: Home Retention Division
7105 Corporate Drive
(PTX-B-36)
Plano, TX 75024

Doc ID #: 000140578086 MOD

———————————SPACE ABOVE THIS LINE FOR RECORDER'S USE———————————

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 11th day of December, 2009, between VALENTYNA GUDYM (the "Borrower(s)") and BAC Home Loans Servicing, LP (the "Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 19th day of July, 2006 in the amount of 292,500.00, and (2) the Note bearing the same date as, and secured by, the Security Instrument, and (3) any prior agreements or modifications in effect relative to the Note and Security Instrument which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 13615 Kristin Pl, Herndon, VA 20171.

The real property described being set forth as follows:

**"SAME AS IN SAID SECURITY INSTRUMENT"**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. As of the 1st day of January, 2010, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $341,657.03, consisting of the amount(s) loaned to the Borrower by the Lender which may include, but are not limited to, any past due principal payments, unpaid interest, fees and/or costs capitalized to date. I understand that by agreeing to add the unpaid amounts to the outstanding principal balance, the added amounts accrue interest based on the interest rate provided below. I also understand that this means interest will now accrue on the unpaid interest that is added to the unpaid principal balance, which would not happen without this modification.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender. Interest will be charged on the Unpaid Principal Balance for the first 5 years of the modified term at the yearly rate of 2.000% from the 1st day of January, 2010. The Borrower promises to make monthly payments of principal and interest of U.S. $569.43 beginning on the 1st day of February, 2010.

   Beginning on the first day of the 6th year, interest will be charged at the yearly rate of 3.000% from the 1st day of January, 2015. The Borrower promises to make monthly payments of principal and interest of U.S. $726.11 beginning on 1st day of February, 2015.

   Beginning on the first day of the 7th year, interest will be charged at the yearly rate of 4.000% from the 1st day of January, 2016. The Borrower promises to make monthly payments of principal and interest of U.S. $935.76 beginning on the 1st day of February, 2016.

   Beginning on the first day of the 8th year, interest will be charged at the yearly rate of 5.000% from the 1st day of January, 2017. The Borrower promises to make monthly payments of principal and interest of U.S. $1,132.33 beginning on the 1st day of February, 2017, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on the 1st day of August, 2036 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.




EXHIBIT A

8093 08/09

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. The Borrower will make such payments at Payment Processing PO Box 650070 Dallas, TX 75265 or at such other place as the Lender may require.

6. Nothing in this agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all terms and provisions thereof, as amended by this Agreement.

7. In consideration of this Modification, Borrower agrees that if any document related to the Security Instrument, Note and/or Modification is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, Borrower(s) will comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary. If the original promissory note is replaced the Lender hereby indemnifies the Borrower(s) against any loss associated with a demand on the original note. All documents Lender requests of Borrower(s) shall be referred to as "Documents." Borrower agrees to deliver the Documents within ten (10) days after receipt by Borrower(s) of a written request for such replacement.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_____ Dated: 12/29/09
VALENTYNA GUDYM

STATE OF VA
COUNTY OF Loudoun
On 12/29/09 before me, Nadia Zazai Notary Public, personally appeared

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures (s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature

NADIA ZAZAI
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MAY 31, 2010
REGISTRATION # 7036257

**DO NOT WRITE BELOW THIS LINE.**
************************************************************

Case Case 1:12-cv-00856-AJT-TCB Document 2-11 Filed 07/23/12 Page 11 of 21 PageID# 367

```
Court Name: UNITED STATES DISTRICT COURT
Division: 3
Receipt Number: 34683016699
Cashier ID: lbreeden
Transaction Date: 04/13/2012
Payer Name: SUROVELL ISAACS PETERSEN LEV
Y
----------------------------------------
CIVIL FILING FEE
 For: SUROVELL ISAACS PETERSEN LEVY
 Amount:       $350.00
----------------------------------------
CHECK
 Check/Money Order Num: 24101
 Amt Tendered: $350.00
----------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

#3:12-CV-275
```

Case 1:12-cv-00856-AVC-TCB Document 2-12 Filed 04/13/12 Page 12 of 14 PageID# 1368

Court Name: UNITED STATES DISTRICT COURT
Division: 2
Receipt Number: 24683016[illegible]
Cashier ID: [illegible]
Transaction Date: 0[illegible]/13/2012
Payer Name: SUNNWELL TEMPUS PETERSEN [illegible]

---

CIVIL FILING FEE
For: SUNNWELL ISRAEL PETERSEN LEVY
Amount: $350.00

---

CHECK
Check/Money Order Num: 2191
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

[illegible]-CV-276

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VALENTYNA GUDYM

**DEFENDANTS**
BANK OF AMERICA, N.A.    3:12CV275

(b) County of Residence of First Listed Plaintiff  **Fairfax**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Richmond**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kristi C. Kelly, Surovell Isaacs Petersen & Levy, PLC
4010 University Drive, Fairfax, VA 22030 (703) 277-9774

Attorneys (If Known)
APR 13

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☒ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
12 U.S.C. 2601
Brief description of cause:
Breach of Contract, Violation of RESPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                DOCKET NUMBER

DATE 4/9/12
SIGNATURE OF ATTORNEY OF RECORD  Kelly

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____