UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

VALENTYNA GUDYM,

        Plaintiff,

v.                                             Civil Action No. 4:12cv85-AWA-DAM

LAW OFFICES OF SHAPIRO, BROWN & ALT, LLP,
f/k/a LAW OFFICES OF SHAPIRO & BURSON, LLP, et al.,

        Defendants.

PLAINTIFF'S MEMORANDUM IN SUPPORT
MOTION FOR LEAVE TO FILE A SUR-REPLY OR
IN THE ALTERNATIVE FOR AN ORDER
STRIKING THE DEFENDANTS' REPLY

      Comes now the Plaintiff, by counsel, in response to the Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, seeks an order granting leave to file a sur-reply or, in the alternative, for an order striking the Defendants' reply.

**Procedural History**

      The Defendants filed a Motion to Dismiss on July 2, 2012, (Docket No. 4), to which the Plaintiffs filed an opposition on July 16, 2012, (Docket No. 11). The Defendant filed a Reply (Docket No. 12) on July 23, 2012. The purpose of a reply brief is to respond to new arguments or facts raised by a party in response to or opposition to a motion, not to present new, never-before-seen facts and arguments that the movants failed to present in their original motion and opening brief. *Leaven v. Phillip Morris USA Inc.*, Civil No. 1:04CV907, 2006 WL 1666741, at *2 (M.D.N.C. June 6, 2006). In this case the Defendant has filed a Reply arguing a bona fide error defense that it did not present in its opening brief and it relies on a recent Fourth Circuit decision that Plaintiff could not have possibly anticipated in her opposition. Therefore, the plaintiff should

be permitted to file a sur-reply or the court should strike the Defendants' Reply. *DNT, LLC v. Sprint Spectrum, LP*, 750 F. Supp. 2d 616, 630 (E.D.Va. 2010). The Defendants in this case have not cited a single authority in support of their position that demonstrates they should be allowed to present a new defense and legal theory for the first time in their reply.

The Defendants filed their motion to dismiss within approximately three weeks after being served the summons in the lawsuit, which was filed on the first day of June, 2012. (Docket No. 1).

In moving for leave to file a sur-reply, the Plaintiff articulates three reasons for the extraordinary relief it requests: (1) the Defendant has raised a completely new argument in support of its motion for summary judgment, that it is not liable for a bona fide error, which it could have raised in its opening brief and to which the Plaintiff has had no opportunity to respond; (2) Defendant has cited an otherwise unremarkable, unreported Fourth Circuit decision as dispositive, but the decision was issued after the Plaintiff filed her opposition to the motion to dismiss; and (3) Plaintiff should be allowed to respond to the new and different arguments raised by the Defendants in an effort to prevent one-sided, misrepresentation and possible misapplication of the law. All of these reasons meet the standard necessary to allow the court to exercise its discretion in permitting the Plaintiff to file a sur-reply.

**Argument**

In response to the Defendant's motion to dismiss, the Plaintiff properly responded to matters placed in issue by the Defendant. In its reply, however, Defendant's argument "spring[s] upon" the Plaintiff and the court new reasons that the court should consider in deciding the motion to dismiss. *Ilozor v. Hampton Univ.*, No. 4:06CV90, 2007 WL 1310179 (E.D. Va. May 3, 2007) *aff'd*, 286 F. App'x 834 (4th Cir. 2008)( explaining in that case that "[t]hese documents do not constitute the type of "new evidence" that is prohibited in reply memoranda. *See, e.g.*, *Baugh v.*

*City of Milwaukee,* 823 F.Supp. 1452, 1456-57 (E.D.Wis.1993) (noting that "where the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment," it should not be stricken)").

The Plaintiff has filed an FDCPA claim supported by facts that the court must accept as true under the standards established for deciding a Rule 12(b)(6) motion. In the motion to dismiss, the Defendants have invited the court on a frolic of factual and legal theories completely unrelated to the Defendants' FDCPA obligations. In Defendants' reply brief, they present brand new theories, which the court must reject because the Plaintiff has never been given the opportunity to respond to it. *Cia Petrolera Caribe, Inc., v. Arco Caribbean Inc.*, 754 F.2d 404, 409-10 (1st cir. 1985). Indeed, this court has held, "a court . . . may not . . . under any circumstances consider evidence advanced by one party concerning disputed material facts that the opposing party is not presented an opportunity to challenge." *MercExchange, LLC., v. eBay, Inc.*, 467 F.Supp.2d 608, 617 (E.D.Va. 2006)(citing *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) for the rule that "where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant the opportunity to respond.").

In this case, it is not new evidence that the Defendant has interjected, but a series of new, different legal arguments supporting a new legal theory that its years-long violations of the FDCPA were based on years-long repeated bona fide errors. This legal theory requires the Defendant to plead and prove facts. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008). A Defendant cannot win a motion to dismiss on a reply brief, just like it can't defeat summary judgment by the mere suggestion that it has a scintilla of opposition evidence. *Ilozor v.*

*Hampton Univ.,* No. 4:06CV90, 2007 WL 1310179 (E.D. Va. May 3, 2007) *aff'd,* 286 F. App'x 834 (4th Cir. 2008)(quoting *Anderson v. Liberty Lobby*, 477 U.S. at 252). Despite Defendants' reliance on *Richmond, Fredericksburg & Potomac RR Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), it is only in a limited circumstance where the affirmative defense can be proved on the face of a complaint.

Under the case cited by the Plaintiff, it is within the court's discretion to allow a sur-reply when the party seeking leave has demonstrated new evidence or new arguments that are related to the reasons for summary judgment. *U.S. ex rel. Carter v. Halliburton Co.*, No. 1:11CV602 JCC/JFA, 2011 WL 6178878 (E.D. Va. Dec. 12, 2011)(finding that a party "may not submit a sur-reply simply because Defendants used their reply brief to further support an argument made in their opening brief or to respond to new arguments in Carter's opposition. And that is precisely what happened here. Defendants raised the statute of limitations as an issue in their opening brief"); *accord DNT, LLC v. Sprint Spectrum, LP*, 750 F. Supp. 2d 616, 630 (E.D.Va. 2010). In this case, the Defendant did not raise its bona fide error defense in its opening brief in support of its motion to dismiss, but instead raised it for the first time on reply. Therefore, the court in its discretion should grant the Plaintiff's motion for leave to file a sur-reply to respond to the Defendants' theories and also to assist the court in its determination of the legal issues presented therein.

If the court declines to exercise its discretion in granting leave, it should strike the reply or refuse to consider the newly raised legal arguments. These arguments were available to the Defendants when they filed their motion to dismiss shortly after being served with this lawsuit. Generally, the court may in its discretion take the extraordinary measure of striking a pleading that is insufficient, redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f). A very

few courts have found that a brief is not a pleading, and therefore it cannot be stricken under this rule. *Newsome v. Webster*, 843 F. Supp. 1460, 1464-65 (S.D. Ga. 1994)(explaining that it did not view a brief as a pleading under Rule 12(f)). However, other courts have found that it is proper to strike a reply or brief that is improper such as a reply that raises new, never-before-raised issues of fact or law. *Simmons v. Al Smith Buick Co.*, 841 F.Supp. 168, 170 (E.D.N.C.1993) (striking a brief which was not permitted by local rules).

Because it is axiomatic that the Defendants have filed an improper Reply brief – asserting a defense that it should have asserted in its opening brief and citing a case to which the Plaintiff has had no opportunity to respond – the court should exercise its discretion in providing the Plaintiff with the appropriate relief.

For these reasons, the Plaintiff respectfully requests that the court grant leave to file a sur-reply or, in the alternative, that the court order the reply stricken.

Respectfully submitted,

**VALENTYNA GUDYM,**

_____/s/_____
Susan Rotkis, Esq. VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile

        E-mail:  lenbennett@clalegal.com


Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 591-9285
E-mail:  kkelly@siplfirm.com

*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been filed in the CM/ECF system, which shall electronically forward it to the following on this the 26TH day of July, 2012, as follows:


Bizhan Beiramee
Beiramee & Cohen P.C.
6663 B Old Dominion Dr
Third Floor
McLean, VA  22101
(703)   483-9600
(703)   483-9599
bbeiramee@beiramee.com

Counsel for Defendant

            /s/
Susan Rotkis, Esq. VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com