UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

VALENTYNA GUDYM,

          Plaintiff,

v.                                                    Civil Action No. 4:12cv85-AWA-DAM

LAW OFFICES OF SHAPIRO, BROWN & ALT, LLP,
f/k/a LAW OFFICES OF SHAPIRO & BURSON, LLP, et al.,

          Defendants.

**PLAINTIFF'S SUR-REPLY IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

    COMES NOW Valentyna Gudym, the Plaintiff, by counsel, and for her Sur-Reply in opposition to Defendants' Motion to Dismiss, she states as follows:

**OVERVIEW**

    In this Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*, case brought against a foreclosure mill debt collection enterprise, Plaintiff alleges amongst other claims that (a.) Defendants were not lawfully entitled to foreclose against her property as she was not then still in default; (b.) Defendants knowingly misrepresented the identity of her creditor and (c.) Defendants knowingly misrepresented the amount owing, demanding fees and other charges that were not lawful.  Defendant responded pursuant to Rule 12(b)(6) with a miscellany of arguments.   However, missing from its motion and brief was any mention or reliance upon the affirmative defense of "bona fide error" available in some FDCPA cases.  Plaintiff filed her opposition on July 16, 2012. Then, on July 17, 2012 the Fourth Circuit issued an unpublished opinion in *McLean v. Ray*, 2012 U. S. App. Lexis 14857 (4th Cir. 2012). There, the Court

1

unremarkably affirmed Judge O'Grady's earlier award of summary judgment upon a "bona fide error" defense.

Plaintiff files this Sur-Reply in order to address Defendant's new assertion of the bona fide error defense and its attempt to misconstrue the Fourth Circuit's uncontroversial decision in *McLean v. Ray.*

## ARGUMENT

First, in observing that Defendants' reply is largely limited to its assertion of the new bona fide error defense, the Court will also note a near total omission of substantive responses to Plaintiff's arguments in opposition to the original bases for Defendants' motion – those stated in its opening brief. Such strategy is as telling as it is inappropriate.

The "bona fide error" defense is set forth in the Act provides as follows:

> *Intent*
> (c) A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). To establish such defense, a debt collector must prove (a.) that the violation of the act was not intentional, (b.) resulted from a bona fide error and (c.) occurred notwithstanding the maintenance of procedures reasonably adapted to avoid that error. *Id*. "The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof. The defense does not protect a debt collector whose reliance on a creditor's representation is unreasonable. The defense requires the defendant to show that it maintains procedures to avoid errors." *Reichert v. Nat'l Credit Sys., Inc.*,

531 F.3d 1002, 1006 (9th Cir. 2008) (citations omitted). A debt collector fails "to meet its burden under the defense when it did not produce evidence of 'reasonable preventive procedures' aimed at avoiding the errors." *Id.*

This new argument upon which Defendants now seek to rely is premised on a case that by its facts and posture defeat the very motion upon which it is cited. Each such case is heavily dependent upon its facts. In fact, the District Court in *McLean* expressly cited the *Owens* decision, which itself held that each case must be considered on its own with a specific factual inquiry:

> At the outset, we agree with the Tenth Circuit that "the procedures component of the bona fide error defense involves a two-step inquiry." *Johnson v. Riddle,* 443 F.3d 723, 729 (10th Cir.2006); *see also Reichert v. Nat'l Credit Sys. Inc.,* 531 F.3d 1002, 1006 (9th Cir.2008) (quoting same). The first step is "whether the debt collector 'maintained'—*i.e.,* actually employed or implemented—procedures to avoid errors." *Johnson,* 443 F.3d at 729; *Reichert,* 531 F.3d at 1006. The second step is "whether the procedures were 'reasonably adapted' to avoid the specific error at issue." *Johnson,* 443 F.3d at 729; *Reichert,* 531 F.3d at 1006.
> We also agree with other circuits that this is a "fact-intensive inquiry." *Wilhelm v. Credico, Inc.,* 519 F.3d 416, 421 (8th Cir.2008); *see also Reichert,* 531 F.3d at 1006 (quoting same). Despite surveying the case law, we have located no definitive list of procedures, or even universally applicable parameters, by which to assess the third element. Rather, the legal analysis has proceeded on a case-by-case basis and depended upon the particular facts and circumstances of each case.

*Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1273-74 (11th Cir. 2011). In *McLean*, the Court of Appeals affirmed Judge O'Grady's entry of summary judgment in a FDCPA case based upon the Court's factual finding that the debt collector had proven the elements of its affirmative bona fide error defense. *McLean v. Ray*, 1:10-CV-456, 2011 WL 1897436 (E.D. Va. May 18, 2011) *aff'd,* 11-1544, 2012 WL 2899319 (4th Cir. July 17, 2012). There were no facts in dispute. *Id.* ("The parties agreed during oral argument on the Motions for Summary Judgment that no additional facts were necessary to resolve the issues before the Court."). And while the District

3

Court considered a largely undisputed factual record in *McLean* and found it appropriate for summary judgment, the District Court had in fact denied a comparable Rule 12(b)(6) motion as premature and inappropriate. *McLean v. Ray*, 1:10-CV-456 (E.D. Va. Dec. 14, 2010)(Docket No. 39)(attached as Exhibit "A").

Thus *McLean* more than proves the correctness of Plaintiff's response as to the posture and the inappropriateness of a determination of such a defense on a Rule 12(b)(6) motion. *McLean* was decided at the summary judgment stage based on an extensive factual record before the district court. Based on that record, the court made a factual finding that "(M)r. Ray maintained procedures 'reasonably adapted'" to avoid the alleged errors. *Id.* (Citing *Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1274 (11th Cir.2011)). The McLean defendant had proven a number of procedures in place to avoid errors as alleged in the case. *McLean v. Ray*, 1:10-CV-456, 2011 WL 1897436 (E.D. Va. May 18, 2011) *aff'd,* 11-1544, 2012 WL 2899319 (4th Cir. July 17, 2012) ("As previously discussed, Mr. Ray reviews referral forms and itemized statements before he proceeds with legal action. He consults with the client about any discrepancies. He seeks an affidavit confirming the amount sought. In the present case, Mr. Ray made a true effort to verify the accuracy of ManorCare's claim, and, once the discrepancy caused by ManorCare's clerical error came to light, Mr. Ray took action to address the problem.") And the District Court found, in a conclusion affirmed by the Fourth Circuit, that the actual evidence in that case established such procedures and that the *McLean* defendant had not intentionally misrepresented a debt:

> As for the McLeans' separate argument that Ray deliberately asserted a false claim for attorney's fees despite having been put on notice by the McLeans' attorneys that there was a break in Edith's stay at ManorCare, the district court found (and we agree) that Ray was diligent in investigating the matter. From the moment Ray was alerted to the contention that there was a break in Edith's stay that rendered the attorney's fees provision of the initial contract inapplicable, he diligently investigated to confirm the truth of the assertion. We also agree with the district court that Ray amended the complaint to remove the claim for attorney's

4

> fees as soon as he was able to confirm that the 2006 contract no longer applied. The district court also correctly rejected the McLeans' allegation that Ray violated the FDCPA by seeking prejudgment interest. As the district court noted, Virginia law permits plaintiffs to seek prejudgment interest, which is awarded at the discretion of the trier of fact.

*McLean v. Ray*, No. 11-1544, 2012 WL 2899319 (4th Cir. July 17, 2012).

In contrast, no such findings or factual record are before this Court. There has been no inquiry to determine or evidence to establish whether or not Defendants relied on procedures reasonably adapted to avoid the errors alleged here, the failure to correct and discontinue collection of amounts not owed after having been put on notice that the amounts for which they were dunning were not owed. Where a specific, detailed basis for the consumer's dispute is communicated to the debt collector, presenting evidence that the debt collector's reliance on the creditor's representations is unreasonable, the debt collector is entitled neither to summary judgment nor to the benefit of the "bona fide error" defense. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006). Where amounts are claimed at or after verification that are facially incorrect, the debt collector is not entitled to the "bona fide error" defense. *Reichert v. National Credit Systems, Inc.*, 531 F. 3d 1002, 1007 (9th Cir. 2008) ("To qualify for the bona fide error defense under the FDCPA, the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors, including, but not limited to, errors in calculation and itemization. The latter would include errors in claiming collection expenses of the creditor that could not legitimately be part of the debt owed by the debtor." … "If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. *See Wilhelm,* 519 F.3d at

5

421. Only then is the mistake entitled to be treated as one made in good faith.") Through the bona fide error defense, "the FDCPA affords a narrow carve-out to the general rule of strict liability. *Owen v. I.C. System, Inc.*, 629 F.3d 1263, 1271 (11th Cir. 2011). ("Despite these facial inconsistencies, there is nothing in the current record indicating that ICS consulted with AAA regarding these unauthorized charges, nor is there any evidence that ICS itself reviewed the documents before forwarding them to Owen.") At this stage, Defendants are not entitled to a dismissal based on the FDCPA's bona fide error defense.

Defendants' new assertion of the bona fide error defense will also be problematic in other substantive ways. Unlike Defendants' claims of reliance upon its client (whoever that turns out to have been), the Complaint alleges that it was in fact Defendants who made the decision as to what charges to demand. And Defendants in fact knew who the actual obligee/creditor was in this and other foreclosures. The bona fide error defense is irrelevant in a case as this one where the defendant's defense is premised upon an intentional violation or upon a debt collector's mistaken understanding of the law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ___U.S. ___, 130 S. Ct. 1605 (2010).

Finally, the bona fide error defense is also inapposite in a case such as this one in which the debt collector – regardless of its earlier lack of knowledge – is then informed by the consumer of its mistake. Count I of the Complaint alleges facial misrepresentations in Defendants' August 1, 2011, dunning letter, sent after Plaintiff's counsel put Defendants on notice on July 15, 2011, that Plaintiff was in a loan modification program and that she had complied with all the terms and conditions of same, such that she owed no amounts in default. Specifically, Plaintiff put Defendants on notice that she was not past due on her loan, that she was in a loan modification program, that the loan modification cured her previous arrearage and

brought the loan current, and that she was paying in accordance with her loan modification. Despite being on notice, Defendants sent their subsequent August 1, 2011, dunning letter demanding amounts that on the face of their letter were not owed. They demanded incorrectly assessed late charges, default property inspections, accrued late charges, attorney's fees, and foreclosure costs.

In *Thompson v. D.A.N. Joint Venture III, L.P.*, 2007 WL 1625926 (M.D. Ala. June 5, 2007), the debt collector filed a time-barred state court collection suit, claiming "honest belief the debt was not time-barred." *Id.* at *2. The court denied the collector's bona fide error defense, stating:

> Even if Defendant had a[n] honest belief the debt was not time-barred, Defendant DAN was on notice after the summary judgment opinion the debt was barred by the statute of limitations. Despite the summary judgment opinion, Defendant admits they have taken no action whatsoever to date to set aside the default judgment rendered in the underlying state action. Thus, in the extreme light most favorable to Defendant, **what may have begun as an unintentional act converted into a willful act...** To be clear and certain, the Court finds the actions by Defendant DAN were intentional and not the result of bona fide error.

*Id*. (emphasis added).

This rule – that a debt collector who fails to correct an otherwise unintentional FDCPA violation once on notice will have necessarily engaged in intentional misconduct which the bona fide error defense cannot excuse – has been applied and confirmed in other FDCPA contexts. *See Elder v. David J. Gold, P.C.*, 2009 WL 2580320, *3 (W.D.N.Y. August 18, 2009) (rejecting bona fide error defense where the collector continued to litigate a collection suit once notified that it was filed in a prohibited, distant venue); *Canady v. Wisenbaker Law Offices, P.C.*, 372 F. Supp. 2d 1379, 1384 (N.D. Ga. 2005) (same); *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1239, 1246-47 (W.D. Wash. 2006) (entering summary judgment on FDCPA liability and rejecting bona fide error defense where the debt collectors failed to release an unlawful

7

garnishment taken in violation of Servicemembers Civil Relief Act after they were made aware of the consumer's military status); *compare*, *Thompson v. Crown Asset Management, LLC*, 2009 WL 3059123, *2 (D. Ariz. Sept. 23, 2009) (granting summary judgment in favor of the collector on the bona fide error defense when, inter alia, the defendant "immediately corrected the error" once notified). The rule is consistent with other similar legal tenets. See e.g. *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1388 (9th Cir. 1987) (finding culpability where misbehavior was ratified "through knowledge and failure to act"), and Am. Jur. Corporations § 1432 ("[A] ratification relates back to the initial unauthorized action.")

> The defendant's disregard for the protection provided by FDCPA is further illustrated by the fact that the defendant continued to send the letter of demand without deleting the threatened effects after the impropriety of such conduct was brought to his attention by the plaintiffs' memorandum in this suit.

*Cacace v. Lucas*, 775 F.Supp. 502, 507 (D.Conn.1990).

Nothing in *McLean* changes the fact that, as the Fourth Circuit held in *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 235 (4th Cir. 2007), the Act's § 1692k(c) "bona fide error" defense "provides the *exclusive* method of considering whether the attorney's false statements were the product of reasonable reliance upon another party . . . and that the statutory framework establishes that the proper place for the inquiry is not at the *Rule 12(b)(6)* stage." (emphasis in original).

For these reasons, the Defendants still fail to demonstrate that they are entitled to dismissal of the Plaintiff's case either for failure to state a claim or by way of its affirmative defense.

                Respectfully submitted,
                Valentyna Gudym
                By Counsel

        /s/_____
Dale W. Pittman, VSB #15673
Attorney for Valentyna Gudym
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803-3212
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Susan Rotkis, Esq. VSB #40693
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com

Attorneys for Valentyna Gudym

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 26th day of July, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

        Bizhan Beiramee, Esquire
BIZHAN BEIRAMEE, ESQ., P.C.
6663 B Old Dominion Drive
Third Floor
McLean, VA 22101
Counsel for Defendant

9

          /s/_____

Susan Rotkis
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone